FILED

2017 Sep-29  PM 03:57
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | | |
|---|---|---|
| **CRYSTA C. LEDBETTER and** | ) | |
| **ELIZABETH B. DENDY** | ) | **Case no.:** _____ |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Pending in the Circuit Court of** |
| **v.** | ) | **Etowah County, Alabama with** |
| | ) | **Civil Action No. CV17-900533** |
| **GARY C. MITCHELL and** | ) | |
| **RICHARD TRUCKING, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

COME NOW the defendants, Gary C. Mitchell and Richard Trucking, LLC, and hereby remove the above styled action from the Circuit Court of Etowah County, Alabama pending as Civil Action Number: CV-2017-900533, to this United States District Court for the Northern District of Alabama, Middle Division by stating as follows:

**I.    Summary of Plaintiffs' Complaint:**

1.    The Plaintiffs commenced this action on July 17, 2017, by filing their Complaint in the Circuit Court of Etowah County, Alabama pending as Civil Action Number: CV-2017-900533.

2.      This case concerns a motor vehicle accident that occurred on September 3, 2016, on Interstate 59 in Etowah County, Alabama.  The Plaintiffs were together in one vehicle.

3.      The Complaint asserts claims for negligent and wanton operation of his vehicle against defendant Mitchell; negligent and wanton entrustment against defendant Richard Trucking; negligent and wanton hiring, training, supervision, and retention against defendant Richard Trucking; negligent and wanton maintenance, operation, service, repair against Richard Trucking; and, *respondeat superior*.

4.       According to the Complaint, plaintiff Crysta Ledbetter is a resident of Alabama.

5.      Based on information and belief, plaintiff Ledbetter is currently a citizen of Alabama, was a citizen of Alabama at the time of the accident, and was a citizen of Alabama at the time of the filing of the Complaint.

6.      According to the Complaint, plaintiff Elizabeth Dendy is a resident of Alabama.

7.      Based on information and belief, plaintiff Dendy is currently a citizen of Alabama, was a citizen of Alabama at the time of the accident, and was a citizen of Alabama at the time of the filing of the Complaint.

8.     At all relevant times, Gary Mitchell is and was a resident and citizen of Mississippi.

9.     Richard Trucking, LLC is a foreign company with its principal place of business in Mississippi.

10.    The Complaint does not identify an amount in controversy against the Defendants and claims only vague injuries and damages.

11.    On August 30, 2017, Plaintiffs Ledbetter and Dendy responded to Request for Admissions propounded by Defendants at attached hereto as Exhibit "A" denying their individual claims are worth less than $75,000.00 and denying they will be seeking less than $75,000.00.

12.    On September 19, 2017, Plaintiff's counsel made a demand of $200,000.00 for Ledbetter and a $75,000.00 demand for Dendy.  (*See* EMAIL DEMAND, attached as Exhibit "B").

**II.  The Defendant's Removal is based on Diversity Jurisdiction:**

13.    "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. 1332(a)(1); *see also Collins v. Novartis Pharms. Corp*., 2015 U.S. Dist. LEXIS 6130, 3-4 (M.D. Ala. Jan. 14, 2015).

14.     This Court has jurisdiction over the claims asserted in this matter under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

### a.     Complete Diversity Exists:

15.     Diversity jurisdiction requires that the plaintiff be a citizen of a state different from that of any of the defendants.  *Bel-Bel Int'l Corp. v. Community Bank,* 162 F.3d 1101, 1106 (11th Cir. 1998).  For purposes of diversity jurisdiction, a corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  *Id*; *see also Dyer v. Wal-Mart Stores, Inc.,* 535 Fed. Appx. 839, 841 (11th Cir. 2013)(*discussing* 28 U.S.C. § 1332(c)(1)).

16.     The Plaintiffs were residents and citizens of the State of Alabama at the time the Complaint was filed and the time of the accident.  (*See* COMPLAINT attached hereto as Exhibit "C").

17.     Defendant Gary Mitchell is a resident and citizen of Mississippi.

18.     Mitchell is not now and was not at the institution of this civil action a resident or citizen of the State of Alabama.

19.     Richard Trucking, LLC is a foreign limited liability company organized under the laws of the State of Mississippi, with its principle place of business in Mississippi.

20.     Richard Trucking, LLC is not organized under the laws of the State of Alabama and does not have its principle place of business in Alabama.

21.     Richard Trucking, LLC is not now and was not at the institution of this civil action a resident or citizen of the State of Alabama.

22.     Therefore, complete diversity exists because the Plaintiffs are citizens of Alabama and the Defendants are citizens of the State of Mississippi.

**b.     The Amount in Controversy exceeds $75,000.00:**

23.     The Complaint, including the *ad damnum* clauses for each Count in the Complaint, seeks an unspecified amount of damages.  (*See* Exhibit "C").

24.     The Plaintiffs do not specify an amount in controversy and the Complaint alleges only vague injuries and expenses on which the statutory amount in controversy cannot be established by a preponderance of the evidence.

25.     "[I]n the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence."  *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007); *see also Musgrove v. Kellogg Brown & Root, LLC*, 2013 U.S. Dist. LEXIS 61161 (S.D. Ala. Apr. 29, 2013).

26.    The *Lowery* court held unspecified damages in a complaint and a defendant's bare assertions in a removal do not satisfy the "preponderance of the evidence burden." *See id* at 1210–11.

27.    "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. 1446(c)(3)(A).

28.    A plaintiff's settlement demand constitutes "other paper" and a plaintiff's response to discovery requests, such as responses to request for admissions, constitutes "other paper." *Lowery*, at 1213.

29.    The *other paper*, which a defendant uses as the basis of his removal, must be received from the plaintiff. *Sudduth v. Equitable Life Assur. Society*, 2007 WL 2460758, *1-2 (S.D. Ala. 2007)(*recognizing* the judicially created "voluntary-involuntary" rule which states only a voluntary act of the plaintiff can convert a non-removable case to a removable case).

30.    On August 30, 2017, Plaintiffs Ledbetter and Dendy responded to Request for Admissions propounded by Defendants denying their individual claims are worth less than $75,000.00 and denying they will be seeking less than $75,000.00.  (*See* Exhibit "A").

31.     On September 19, 2017, Plaintiff's counsel made a demand of $200,000.00 for Ledbetter and a $75,000.00 demand for Dendy.   (*See* Exhibit "B").

32.     Plaintiffs' responses to Defendants Request for Admissions arguably satisfy the amount in controversy requirement.

33.     The written settlement demand absolutely satisfies the amount in controversy requirement as to plaintiff Ledbetter and, pursuant to the Supplemental Jurisdiction Statute—28 U.S.C. § 1367—this Court has supplemental jurisdiction over plaintiff Bendy because her alleged injuries and damages arise out of the same case or controversy: the September 3, 2016, motor vehicle accident.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546 (2005).

34.     Pursuant to the supplemental jurisdiction statute, 28 U.S.C. 1367, a Federal Court sitting in diversity may exercise supplemental jurisdiction over additional plaintiffs who fail to satisfy the minimum amount-in-controversy requirement, if other elements of diversity jurisdiction are present, and at least one named plaintiff satisfies the amount-in-controversy requirement, and the additional plaintiff's claims are part of same case or controversy as the plaintiff whose allegations satisfy the amount in controversy requirement.  *Id.*

35.     The Plaintiff's written settlement demand constitutes "other paper" and establishes that the amount in controversy exceeds the statutory minimum of

$75,000.00 for Ledbetter. *See Lowery*, 483 F.3d at 1211(*holding* "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.").

36.     Although Dendy's demand does not satisfy the amount in controversy requirement, because Ledbetter demands $200,000.00, which satisfies the requirement and all other elements of diversity jurisdiction are met, pursuant to 28 U.S.C. 1367, supplemental jurisdiction, this Honorable Court has jurisdiction over Dendy's claims as well because they arise out of the same case and controversy. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546 (2005)

37.     Therefore, this case is removable and this Court has jurisdiction over the claims asserted in this matter under 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1367 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

## III.   The Removal is Timely:

38.     The Defendants timely file this Notice of Removal pursuant to 28 U.S.C. 1446(b)(1) which requires an action be removed "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading

has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

39.     The Plaintiffs' Complaint is silent as to the amount of damages claims.  It was first ascertained that this case is removable on August 30, 2017, when the Plaintiffs responded to Defendants' Request for Admissions.

40.     Therefore, Defendants timely file this Notice of Removal within thirty (30) days of receipt of Plaintiffs' responses to discovery as required by 28 U.S.C. 1446(b)(3) and within thirty (30) days of receipt of Plaintiffs' settlement demand.

41.     Moreover, this case is removed within one (1) year after commencement of the action pursuant to the requirement of 28 U.S.C. 1446(c)(1).

## IV.    Removal is Perfected and Proper Notice Provided:

42.     The United States District Court for the Northern District of Alabama, Middle Division encompasses the geographic area of the Circuit Court of Etowah County, Alabama.

43.     Copies of all process and pleadings served upon the Defendants in the state court, including the Case Action Summary from the State Judicial Information System web site Alacourt.com are attached hereto as Exhibit "D".

44.     The Defendants provides prompt notice of its filing this Notice of Removal to all parties and to the Circuit Court of Etowah County, Alabama, by filing a Notice of Filing Notice of Removal, attached hereto as Exhibit "E",

together with a copy of this Notice of Removal, in the Circuit Court of Etowah County, Alabama, and by serving same on all parties as provided in 28 U.S.C. § 1446(d).

45.     As set forth above, diversity of citizenship exists between the proper parties in this action, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Accordingly, pursuant to 28 U.S.C. §§ 1332 and 1446, the action is removed to this Court.

46.     If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of its position that this action is duly removable.

WHEREFORE, PREMISES CONSIDERED, Gary Mitchell and Richard Trucking, LLC, respectfully request this Court to enter an order effecting the removal of this action from the Circuit Court of Etowah County, Alabama, to this Court and make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said Circuit Court.

## IF NECESSARY, ORAL ARGUMENT REQUESTED

DATED this the 29th day of September 2017.

Respectfully Submitted,

*/s/ Paul A. Miller*
PAUL A. MILLER (MIL011)

*/s/ Patrick W. Franklin*
PATRICK W. FRANKLIN (FRA051)
*Attorneys for Defendants Gary Mitchell
and Richard Trucking, LLC*

**OF COUNSEL:**
Miller, Christie & Kinney, P.C.
Naphcare Building
2090 Columbiana Road, Suite 3400
Vestavia Hills, Alabama 35216
(205) 326-0000 │ (205) 323-2945 *fax*
pmiller@mck-law.com
pfranklin@mck-law.com

*/s/ Paul J. DeMarco*
PAUL J. DEMARCO (DEM010)
*Attorney for Gary Mitchell and
Richard Trucking, LLC*

**OF COUNSEL:**
Parsons, Lee & Juliano, P.C.
600 Vestavia Parkway, Suite 300
Vestavia, AL  35216
(205) 326-6600 | (205) 324-7097 *fax*
pdemarco@pljpc.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have mailed a copy of the above and foregoing document by E-Filing on this the 29th day of September 2017, to:

C. Todd Buchanan, Esq.
Brandon T. Bishop, Esq.
3626 Clairmont Avenue
Birmingham, AL  35222

*/s/ Patrick W. Franklin*
Patrick W. Franklin