FILED

2017 Sep-29  PM 03:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
8/30/2017 8:51 AM
31-CV-2017-900533.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

## IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

CRYSTA C. LEDBETTER, and )
ELIZABETH B. DENDY, )
                             )
    **Plaintiffs,** )
                             )
**vs.** ) **CIVIL ACTION NO. CV-17-900533**
                             )
**GARY S. MITCHELL, and RICHARD** )
**TRUCKING, LLC,** )
                             )
    **Defendants.** )

## PLAINTIFF ELIZABETH DENDY'S RESPONSES TO DEFENDANT'S REQUEST FOR ADMISSIONS

       COMES NOW the Plaintiff, Elizabeth Dendy, and pursuant the *Alabama Rules of Civil Procedure,* hereby responds to Defendant's request for admissions as follows:

## GENERAL OBJECTIONS

 These objections and responses are made without waiver of:

(a)    Any and all objections as to competency, relevancy, materiality, privilege and admissibility of

each response and the subject matter thereof as evidence for any purpose and any further proceedings;

(b)    The right to object to the use of any such responses or the subject matter thereof on any

ground, in any other further proceedings in this action;

(c)    The right to object on any ground at any time to interrogatories or document production

requests seeking further responses to these or other interrogatories involving or relating to the

subject matter of the interrogatories herein responded to; and/or

(d)    The right at any time to revise, correct, supplement, or clarify any of the responses

contained herein;

(e)    Further, Plaintiff objects to each and every request to the extent that any such request:

(f)     Calls for information that can be more appropriately and efficiently elicited through depositions upon oral examination;

(g)     Is overly broad, vague, and ambiguous, requiring this defendant to engage in a lengthy, time consuming and expensive search for information with no specific guidance as to what information is requested pursuant to each request;

(h)     Seeks information that is neither relevant to the subject matter of the pending litigation, nor reasonably calculated to lead to the discovery of admissible evidence;

(i)     Seeks communications and/or documents, which were prepared or made by other persons and/or entities. Such documents, communications, and knowledge of such communications are in the custody, control, and possession of others and therefore, Plaintiff is justified in requesting that Defendant(s) obtain such information from other persons and/or entities;

(j)     Calls for information subject to the attorney/client privilege, prepared in anticipated of litigation or in anticipation for trial, or attorney work product, which is confidential or proprietary in nature, or any other privilege;

(k)     Seeks information concerning issues upon which discovery is not yet complete; and/or

(l)     Seeks information, retrieval or compilation of which would be unduly burdensome on Plaintiff.

## SPECIFIC RESPONES

1.     That you do not claim in excess of $75,000.00 as total damages in this case, exclusive of interest, attorney's fees or other fees and costs.

**RESPONSE: Plaintiff objects to this request as it seeks to impose duties upon the Plaintiff greater than those provided by Rule 36 and Rule 26(b) Ala. R. Civ. P. Plaintiff further objects to this request as it does not relate to statements or opinions of fact or the application of law to fact. Plaintiff further objects to this request as it presents a genuine issue for trial. Plaintiff further objects to this request as irrelevant and improper;** *see* <u>**Pretka v. Kolter City**</u>

2

<u>Plaza II, Inc.</u>, 608 F.3d 744, 761 (11th Cir. Fla. 2010)("[A] defendant may not aver that an initially nonremovable case has become removable based on documents which the defendant herself created."); *see also* <u>Harmon v. Wal-Mart Stores, Inc.</u>, 2009 U.S. Dist. LEXIS 21040 (M.D. Ala. Mar. 16, 2009)(failure to respond to an offer to stipulate is not probative of much, if anything—"a refusal to stipulate to an amount in controversy in a discovery response does not result in an admission regarding the amount in controversy.")  Plaintiff further objects to this request as the Court is not bound by the Plaintiff's representations regarding her claim, nor must the Court assume that the Plaintiff is in the best position to evaluate the amount of damages sought. *See* <u>Advantage Med. Elecs, LLC v. Mid-Continent Cas. Co.</u>, 2014 U.S. Dist. LEXIS 62217, *27 (S.D. Ala. Apr. 14, 2014)(citing <u>Pretka</u>, 608 F.3d at 771); *see also* <u>Griffith v. Wal-Mart Stores East, L.P.</u>, 884 F. Supp. 2d 1218, 23-24 (N.D. Ala. 2012)(the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute) *citing* <u>Harmon</u>, 2009 U.S. Dist. LEXIS 21040 at *4 ("Plaintiff's denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction.")

**Without waiving these objections, denied.**

      2.     That you do not intend to claim over $75,000.00 as total damages in this case.

**RESPONSE: Plaintiff objects to this request as it seeks to impose duties upon the Plaintiff greater than those provided by Rule 36 and Rule 26(b) Ala. R. Civ. P.  Plaintiff further objects to this request as it does not relate to statements or opinions of fact or the application of law to fact.  Plaintiff further objects to this request as it presents a genuine issue for trial. Plaintiff further objects to this request as irrelevant and improper;** *see* <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 761 (11th Cir. Fla. 2010)("[A] defendant may not aver that an initially nonremovable case has become removable based on documents which the defendant herself created."); *see also* <u>Harmon v. Wal-Mart Stores, Inc.</u>, 2009 U.S. Dist. LEXIS 21040 (M.D. Ala. Mar. 16, 2009)(failure to respond to an offer to stipulate is not probative of much, if anything—"a refusal to stipulate to an amount in controversy in a discovery response does not result in an admission regarding the amount in controversy.")  Plaintiff further objects to this request as the Court is not bound by the Plaintiff's representations regarding her claim, nor must the Court assume that the Plaintiff is in the best position to evaluate the amount of damages sought. *See* <u>Advantage Med. Elecs, LLC v. Mid-Continent Cas. Co.</u>, 2014 U.S. Dist. LEXIS 62217, *27 (S.D. Ala. Apr. 14, 2014)(citing <u>Pretka</u>, 608 F.3d at 771); *see also* <u>Griffith v. Wal-Mart Stores East, L.P.</u>, 884 F. Supp. 2d 1218, 23-24 (N.D. Ala. 2012)(the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute) *citing* <u>Harmon</u>, 2009 U.S. Dist. LEXIS 21040 at *4 ("Plaintiff's denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction.")

Without waiving these objections, denied.

     3.     That you will not seek over $75,000.00 as total damages in this case.

**RESPONSE: Plaintiff objects to this request as it seeks to impose duties upon the Plaintiff greater than those provided by Rule 36 and Rule 26(b) Ala. R. Civ. P.  Plaintiff further objects to this request as it does not relate to statements or opinions of fact or the application of law to fact.  Plaintiff further objects to this request as it presents a genuine issue for trial. Plaintiff further objects to this request as irrelevant and improper; see Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 761 (11th Cir. Fla. 2010)("[A] defendant may not aver that an initially nonremovable case has become removable based on documents which the defendant herself created."); see also Harmon v. Wal-Mart Stores, Inc., 2009 U.S. Dist. LEXIS 21040 (M.D. Ala. Mar. 16, 2009)(failure to respond to an offer to stipulate is not probative of much, if anything—"a refusal to stipulate to an amount in controversy in a discovery response does not result in an admission regarding the amount in controversy.")  Plaintiff further objects to this request as the Court is not bound by the Plaintiff's representations regarding her claim, nor must the Court assume that the Plaintiff is in the best position to evaluate the amount of damages sought. See  Advantage Med. Elecs., LLC v. Mid-Continent Cas. Co., 2014 U.S. Dist. LEXIS 62217, \*27 (S.D. Ala. Apr. 14, 2014)(citing Pretka, 608 F.3d at 771); see also Griffith v. Wal-Mart Stores East, L.P., 884 F. Supp. 2d 1218, 23-24 (N.D. Ala. 2012)(the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute) citing Harmon, 2009 U.S. Dist. LEXIS 21040 at \*4 ("Plaintiff's denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction.")**

Without waiving these objections, denied.

     4.     That you waive any amount of damages ever entered in this case in excess of $75,000.00.

**RESPONSE: Plaintiff objects to this request as it seeks to impose duties upon the Plaintiff greater than those provided by Rule 36 and Rule 26(b) Ala. R. Civ. P.  Plaintiff further objects to this request as it does not relate to statements or opinions of fact or the application of law to fact.  Plaintiff further objects to this request as it presents a genuine issue for trial. Plaintiff further objects to this request as irrelevant and improper; see Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 761 (11th Cir. Fla. 2010)("[A] defendant may not aver that an initially nonremovable case has become removable based on documents which the defendant herself created."); see also Harmon v. Wal-Mart Stores, Inc., 2009 U.S. Dist. LEXIS 21040 (M.D. Ala. Mar. 16, 2009)(failure to respond to an offer to stipulate is not probative of much, if anything—"a refusal to stipulate to an amount in controversy in a discovery response does not result in an admission regarding the amount in controversy.")  Plaintiff further objects to this request as the Court is not bound by the Plaintiff's representations regarding her**

claim, nor must the Court assume that the Plaintiff is in the best position to evaluate the amount of damages sought. *See* Advantage Med. Elecs., LLC v. Mid-Continent Cas. Co., 2014 U.S. Dist. LEXIS 62217, *27 (S.D. Ala. Apr. 14, 2014)(citing Pretka, 608 F.3d at 771); *see also* Griffith v. Wal-Mart Stores East, L.P., 884 F. Supp. 2d 1218, 23-24 (N.D. Ala. 2012)(the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute) *citing* Harmon, 2009 U.S. Dist. LEXIS 21040 at *4 ("Plaintiff's denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction.")

**Without waiving these objections, denied.**

5.      That you will not accept any award of damages over $75,000.00 in this case.

**RESPONSE: Plaintiff objects to this request as it seeks to impose duties upon the Plaintiff greater than those provided by Rule 36 and Rule 26(b) Ala. R. Civ. P.  Plaintiff further objects to this request as it does not relate to statements or opinions of fact or the application of law to fact.  Plaintiff further objects to this request as it presents a genuine issue for trial. Plaintiff further objects to this request as irrelevant and improper;** *see* Pretka v. Kolter City Plaza II, Inc., **608 F.3d 744, 761 (11th Cir. Fla. 2010)("[A] defendant may not aver that an initially nonremovable case has become removable based on documents which the defendant herself created.");** *see also* Harmon v. Wal-Mart Stores, Inc., **2009 U.S. Dist. LEXIS 21040 (M.D. Ala. Mar. 16, 2009)(failure to respond to an offer to stipulate is not probative of much, if anything—"a refusal to stipulate to an amount in controversy in a discovery response does not result in an admission regarding the amount in controversy.")  Plaintiff further objects to this request as the Court is not bound by the Plaintiff's representations regarding her claim, nor must the Court assume that the Plaintiff is in the best position to evaluate the amount of damages sought.** *See* Advantage Med. Elecs., LLC v. Mid-Continent Cas. Co., **2014 U.S. Dist. LEXIS 62217, *27 (S.D. Ala. Apr. 14, 2014)(citing** Pretka, **608 F.3d at 771);** *see also* Griffith v. Wal-Mart Stores East, L.P., **884 F. Supp. 2d 1218, 23-24 (N.D. Ala. 2012)(the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute)** *citing* Harmon, **2009 U.S. Dist. LEXIS 21040 at *4 ("Plaintiff's denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction.")**

**Without waiving these objections, denied.**

6.      That you agree that the above-stated limitations on your claim for damages will be binding on you, your heirs, representatives, and assigns with regard to all claims made or ever made in this lawsuit against Richard Trucking, LLC and Gary S. Mitchell or any of its employees.

RESPONSE: Plaintiff objects to this request as it seeks to impose duties upon the Plaintiff greater than those provided by Rule 36 and Rule 26(b) Ala. R. Civ. P.  Plaintiff further objects to this request as it does not relate to statements or opinions of fact or the application of law to fact.  Plaintiff further objects to this request as it presents a genuine issue for trial. Plaintiff further objects to this request as irrelevant and improper; *see* Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 761 (11th Cir. Fla. 2010)("[A] defendant may not aver that an initially nonremovable case has become removable based on documents which the defendant herself created."); *see also* Harmon v. Wal-Mart Stores, Inc., 2009 U.S. Dist. LEXIS 21040 (M.D. Ala. Mar. 16, 2009)(failure to respond to an offer to stipulate is not probative of much, if anything—"a refusal to stipulate to an amount in controversy in a discovery response does not result in an admission regarding the amount in controversy.")  Plaintiff further objects to this request as the Court is not bound by the Plaintiff's representations regarding her claim, nor must the Court assume that the Plaintiff is in the best position to evaluate the amount of damages sought. *See* Advantage Med. Elecs, LLC v. Mid-Continent Cas. Co., 2014 U.S. Dist. LEXIS 62217, *27 (S.D. Ala. Apr. 14, 2014)(citing Pretka, 608 F.3d at 771); *see also* Griffith v. Wal-Mart Stores East, L.P., 884 F. Supp. 2d 1218, 23-24 (N.D. Ala. 2012)(the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute) *citing* Harmon, 2009 U.S. Dist. LEXIS 21040 at *4 ("Plaintiff's denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction.")

Without waiving these objections, denied.

s/C. Todd Buchanan
C. Todd Buchanan
Attorney for Plaintiffs

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:          (205) 983-8166
Paralegal:      (205) 983-8266
Facsimile:      (205) 983-8466
Email:          tbuchanan@asilpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing via facsimile and United States mail, postage prepaid and properly addressed on counsel for all parties as follows:

Paul Demarco
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway
Suite 300 Shelby Building
Birmingham, AL 35216
(205) 326-6600
pdemarco@pljpc.com

This the 30th day of August, 2017

ELECTRONICALLY FILED
8/30/2017 8:51 AM
31-CV-2017-900533.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

## IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

| | |
|---|---|
| **CRYSTA C. LEDBETTER, and** | ) |
| **ELIZABETH B. DENDY,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | ) **CIVIL ACTION NO. CV-17-900533** |
| | ) |
| **GARY S. MITCHELL, and RICHARD** | ) |
| **TRUCKING, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

### DEFENDANTS REQUEST FOR ADMISSIONS TO
### PLAINTIFF CRYSTA C. LEDBETTER

COMES NOW the Plaintiff, Crysta Ledbetter, and pursuant the *Alabama Rules of Civil Procedure,* hereby responds to Defendant's request for admissions as follows:

### GENERAL OBJECTIONS

These objections and responses are made without waiver of:

(a)     Any and all objections as to competency, relevancy, materiality, privilege and admissibility of

each response and the subject matter thereof as evidence for any purpose and any further proceedings;

(b)     The right to object to the use of any such responses or the subject matter thereof on any

ground, in any other further proceedings in this action;

(c)     The right to object on any ground at any time to interrogatories or document production

requests seeking further responses to these or other interrogatories involving or relating to the

subject matter of the interrogatories herein responded to; and/or

(d)     The right at any time to revise, correct, supplement, or clarify any of the responses

contained herein;

(e)     Further, Plaintiff objects to each and every request to the extent that any such request:

(f)     Calls for information that can be more appropriately and efficiently elicited through depositions upon oral examination;

(g)     Is overly broad, vague, and ambiguous, requiring this defendant to engage in a lengthy, time consuming and expensive search for information with no specific guidance as to what information is requested pursuant to each request;

(h)     Seeks information that is neither relevant to the subject matter of the pending litigation, nor reasonably calculated to lead to the discovery of admissible evidence;

(i)     Seeks communications and/or documents, which were prepared or made by other persons and/or entities.  Such documents, communications, and knowledge of such communications are in the custody, control, and possession of others and therefore, Plaintiff is justified in requesting that Defendant(s) obtain such information from other persons and/or entities;

(j)     Calls for information subject to the attorney/client privilege, prepared in anticipated of litigation or in anticipation for trial, or attorney work product, which is confidential or proprietary in nature, or any other privilege;

(k)     Seeks information concerning issues upon which discovery is not yet complete; and/or

(l)     Seeks information, retrieval or compilation of which would be unduly burdensome on Plaintiff.

## SPECIFIC RESPONES

1.     That you do not claim in excess of $75,000.00 as total damages in this case, exclusive of interest, attorney's fees or other fees and costs.

**RESPONSE: Plaintiff objects to this request as it seeks to impose duties upon the Plaintiff greater than those provided by Rule 36 and Rule 26(b) Ala. R. Civ. P.  Plaintiff further objects to this request as it does not relate to statements or opinions of fact or the application of law to fact.  Plaintiff further objects to this request as it presents a genuine issue for trial. Plaintiff further objects to this request as irrelevant and improper;** *see* **Pretka v. Kolter City**

2

Plaza II, Inc., 608 F.3d 744, 761 (11th Cir. Fla. 2010)("[A] defendant may not aver that an initially nonremovable case has become removable based on documents which the defendant herself created."); *see also* Harmon v. Wal-Mart Stores, Inc., 2009 U.S. Dist. LEXIS 21040 (M.D. Ala. Mar. 16, 2009)(failure to respond to an offer to stipulate is not probative of much, if anything—"a refusal to stipulate to an amount in controversy in a discovery response does not result in an admission regarding the amount in controversy.")  Plaintiff further objects to this request as the Court is not bound by the Plaintiff's representations regarding her claim, nor must the Court assume that the Plaintiff is in the best position to evaluate the amount of damages sought. *See*  Advantage Med. Elecs., LLC v. Mid-Continent Cas. Co., 2014 U.S. Dist. LEXIS 62217, *27 (S.D. Ala. Apr. 14, 2014)(citing Pretka, 608 F.3d at 771); *see also* Griffith v. Wal-Mart Stores East, L.P., 884 F. Supp. 2d 1218, 23-24 (N.D. Ala. 2012)(the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute) *citing* Harmon, 2009 U.S. Dist. LEXIS 21040 at *4 ("Plaintiff's denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction.")

Without waiving these objections, denied.

      2.     That you do not intend to claim over $75,000.00 as total damages in this case.

RESPONSE: Plaintiff objects to this request as it seeks to impose duties upon the Plaintiff greater than those provided by Rule 36 and Rule 26(b) Ala. R. Civ. P.  Plaintiff further objects to this request as it does not relate to statements or opinions of fact or the application of law to fact.  Plaintiff further objects to this request as it presents a genuine issue for trial. Plaintiff further objects to this request as irrelevant and improper; *see* Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 761 (11th Cir. Fla. 2010)("[A] defendant may not aver that an initially nonremovable case has become removable based on documents which the defendant herself created."); *see also* Harmon v. Wal-Mart Stores, Inc., 2009 U.S. Dist. LEXIS 21040 (M.D. Ala. Mar. 16, 2009)(failure to respond to an offer to stipulate is not probative of much, if anything—"a refusal to stipulate to an amount in controversy in a discovery response does not result in an admission regarding the amount in controversy.")  Plaintiff further objects to this request as the Court is not bound by the Plaintiff's representations regarding her claim, nor must the Court assume that the Plaintiff is in the best position to evaluate the amount of damages sought. *See*  Advantage Med. Elecs, LLC v. Mid-Continent Cas. Co., 2014 U.S. Dist. LEXIS 62217, *27 (S.D. Ala. Apr. 14, 2014)(citing Pretka, 608 F.3d at 771); *see also* Griffith v. Wal-Mart Stores East, L.P., 884 F. Supp. 2d 1218, 23-24 (N.D. Ala. 2012)(the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute) *citing* Harmon, 2009 U.S. Dist. LEXIS 21040 at *4 ("Plaintiff's denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction.")

Without waiving these objections, denied.

     3.     That you will not seek over $75,000.00 as total damages in this case.

**RESPONSE: Plaintiff objects to this request as it seeks to impose duties upon the Plaintiff greater than those provided by Rule 36 and Rule 26(b) Ala. R. Civ. P.  Plaintiff further objects to this request as it does not relate to statements or opinions of fact or the application of law to fact.  Plaintiff further objects to this request as it presents a genuine issue for trial. Plaintiff further objects to this request as irrelevant and improper; *see* Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 761 (11th Cir. Fla. 2010)("[A] defendant may not aver that an initially nonremovable case has become removable based on documents which the defendant herself created."); *see also* Harmon v. Wal-Mart Stores, Inc., 2009 U.S. Dist. LEXIS 21040 (M.D. Ala. Mar. 16, 2009)(failure to respond to an offer to stipulate is not probative of much, if anything—"a refusal to stipulate to an amount in controversy in a discovery response does not result in an admission regarding the amount in controversy.")  Plaintiff further objects to this request as the Court is not bound by the Plaintiff's representations regarding her claim, nor must the Court assume that the Plaintiff is in the best position to evaluate the amount of damages sought. *See*  Advantage Med. Elecs., LLC v. Mid-Continent Cas. Co., 2014 U.S. Dist. LEXIS 62217, \*27 (S.D. Ala. Apr. 14, 2014)(citing Pretka, 608 F.3d at 771); *see also* Griffith v. Wal-Mart Stores East, L.P., 884 F. Supp. 2d 1218, 23-24 (N.D. Ala. 2012)(the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute) *citing* Harmon, 2009 U.S. Dist. LEXIS 21040 at \*4 ("Plaintiff's denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction.")**

Without waiving these objections, denied.

     4.     That you waive any amount of damages ever entered in this case in excess of $75,000.00.

**RESPONSE: Plaintiff objects to this request as it seeks to impose duties upon the Plaintiff greater than those provided by Rule 36 and Rule 26(b) Ala. R. Civ. P.  Plaintiff further objects to this request as it does not relate to statements or opinions of fact or the application of law to fact.  Plaintiff further objects to this request as it presents a genuine issue for trial. Plaintiff further objects to this request as irrelevant and improper; *see* Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 761 (11th Cir. Fla. 2010)("[A] defendant may not aver that an initially nonremovable case has become removable based on documents which the defendant herself created."); *see also* Harmon v. Wal-Mart Stores, Inc., 2009 U.S. Dist. LEXIS 21040 (M.D. Ala. Mar. 16, 2009)(failure to respond to an offer to stipulate is not probative of much, if anything—"a refusal to stipulate to an amount in controversy in a discovery response does not result in an admission regarding the amount in controversy.")  Plaintiff further objects to this request as the Court is not bound by the Plaintiff's representations regarding her**

claim, nor must the Court assume that the Plaintiff is in the best position to evaluate the amount of damages sought. *See* Advantage Med. Elecs., LLC v. Mid-Continent Cas. Co., **2014 U.S. Dist. LEXIS 62217, \*27 (S.D. Ala. Apr. 14, 2014)(citing** Pretka, **608 F.3d at 771);** *see also* Griffith v. Wal-Mart Stores East, L.P., **884 F. Supp. 2d 1218, 23-24 (N.D. Ala. 2012)(the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute)** *citing* Harmon, **2009 U.S. Dist. LEXIS 21040 at \*4 ("Plaintiff's denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction.")**

**Without waiving these objections, denied.**

5.      That you will not accept any award of damages over $75,000.00 in this case.

**RESPONSE: Plaintiff objects to this request as it seeks to impose duties upon the Plaintiff greater than those provided by Rule 36 and Rule 26(b) Ala. R. Civ. P.  Plaintiff further objects to this request as it does not relate to statements or opinions of fact or the application of law to fact.  Plaintiff further objects to this request as it presents a genuine issue for trial. Plaintiff further objects to this request as irrelevant and improper;** *see* Pretka v. Kolter City Plaza II, Inc., **608 F.3d 744, 761 (11th Cir. Fla. 2010)("[A] defendant may not aver that an initially nonremovable case has become removable based on documents which the defendant herself created.");** *see also* Harmon v. Wal-Mart Stores, Inc., **2009 U.S. Dist. LEXIS 21040 (M.D. Ala. Mar. 16, 2009)(failure to respond to an offer to stipulate is not probative of much, if anything—"a refusal to stipulate to an amount in controversy in a discovery response does not result in an admission regarding the amount in controversy.")  Plaintiff further objects to this request as the Court is not bound by the Plaintiff's representations regarding her claim, nor must the Court assume that the Plaintiff is in the best position to evaluate the amount of damages sought.** *See* Advantage Med. Elecs., LLC v. Mid-Continent Cas. Co., **2014 U.S. Dist. LEXIS 62217, \*27 (S.D. Ala. Apr. 14, 2014)(citing** Pretka, **608 F.3d at 771);** *see also* Griffith v. Wal-Mart Stores East, L.P., **884 F. Supp. 2d 1218, 23-24 (N.D. Ala. 2012)(the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute)** *citing* Harmon, **2009 U.S. Dist. LEXIS 21040 at \*4 ("Plaintiff's denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction.")**

**Without waiving these objections, denied.**

6.      That you agree that the above-stated limitations on your claim for damages will be binding on you, your heirs, representatives, and assigns with regard to all claims made or ever made in this lawsuit against Richard Trucking, LLC and Gary S. Mitchell or any of its employees.

**RESPONSE: Plaintiff objects to this request as it seeks to impose duties upon the Plaintiff greater than those provided by Rule 36 and Rule 26(b) Ala. R. Civ. P. Plaintiff further objects to this request as it does not relate to statements or opinions of fact or the application of law to fact. Plaintiff further objects to this request as it presents a genuine issue for trial. Plaintiff further objects to this request as irrelevant and improper; see Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 761 (11th Cir. Fla. 2010)("[A] defendant may not aver that an initially nonremovable case has become removable based on documents which the defendant herself created."); see also Harmon v. Wal-Mart Stores, Inc., 2009 U.S. Dist. LEXIS 21040 (M.D. Ala. Mar. 16, 2009)(failure to respond to an offer to stipulate is not probative of much, if anything—"a refusal to stipulate to an amount in controversy in a discovery response does not result in an admission regarding the amount in controversy.") Plaintiff further objects to this request as the Court is not bound by the Plaintiff's representations regarding her claim, nor must the Court assume that the Plaintiff is in the best position to evaluate the amount of damages sought. See Advantage Med. Elecs, LLC v. Mid-Continent Cas. Co., 2014 U.S. Dist. LEXIS 62217, \*27 (S.D. Ala. Apr. 14, 2014)(citing Pretka, 608 F.3d at 771); see also Griffith v. Wal-Mart Stores East, L.P., 884 F. Supp. 2d 1218, 23-24 (N.D. Ala. 2012)(the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute) citing Harmon, 2009 U.S. Dist. LEXIS 21040 at \*4 ("Plaintiff's denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction.")**

**Without waiving these objections, denied.**

s/C. Todd Buchanan
C. Todd Buchanan
Attorney for Plaintiffs

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:         (205) 983-8166
Paralegal:     (205) 983-8266
Facsimile:     (205) 983-8466
Email:         tbuchanan@asilpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing via facsimile and United States mail, postage prepaid and properly addressed on counsel for all parties as follows:

Paul Demarco
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway
Suite 300 Shelby Building
Birmingham, AL 35216
(205) 326-6600
pdemarco@pljpc.com

This the 30th day of August, 2017

# EXHIBIT B

**Paul Miller**

| | |
|---|---|
| From: | Todd Buchanan <tbuchanan@asilpc.com> |
| Sent: | Tuesday, September 19, 2017 2:08 PM |
| To: | Paul Miller; Paul DeMarco |
| Cc: | Ashley Crotwell |
| Subject: | RE: Ledbetter v. Mitchell |

Paul M. – when you gonna start making my life *easier*?!?

No actual demand letters but demands are as follows:
Ms. Crysta Ledbetter is demanding $200,00.00
Ms. Elizabeth Dendy is demanding $75,000.00

I will have my paralegal shoot for depositions on Monday November 6th. Once I confirm, I'll let y'all know.

Let me know if you need anything else.

Thanks,
Todd

# C. Todd Buchanan
**ALEXANDER SHUNNARAH INJURY ATTORNEYS**
2900 1st Avenue South I Birmingham, AL 35233
Office:  (205) 983-8166
Assistant: (205) 983-8266
Fax:  (205) 983-8466
www.Shunnarah.com

This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  All e-mail messages and any and all files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person(s) to whom this e-mail message is addressed.  If you have received this e-mail message in error, please notify the sender immediately by telephone at (251) 378-1113 or by reply e-mail and destroy the original message without making copies. Unauthorized review, use, disclosure, dissemination or distribution is strictly prohibited. Thank You.

**From:** Paul Miller [mailto:pmiller@mck-law.com]
**Sent:** Tuesday, September 19, 2017 1:53 PM
**To:** Todd Buchanan <tbuchanan@asilpc.com>; Paul DeMarco <pdemarco@pljpc.com>
**Cc:** Ashley Crotwell <ACrotwell@asilpc.com>
**Subject:** RE: Ledbetter v. Mitchell

Todd -  as you may know, I am jointly representing the defendants in this case and got in later than Paul DeMarco. I asked him to obtain for me your demand letters and materials supporting same so any frustration on your part is probably my fault. I appreciate your providing me with the attached materials. Was there not a demand letter which accompanied each one of the attached materials for each plaintiff? If so, could you please provide that as well. Also, both Paul and I are available to take your clients deposition pretty much anytime the week of 11/6 so if you will let us know what date works best for your clients let us know and we will send out notice. I suppose they will be taken in your

# EXHIBIT C

ELECTRONICALLY FILED
7/17/2017 8:26 AM
31-CV-2017-900533.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

## IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

| | | |
|---|---|---|
| CRYSTA C. LEDBETTER, and | ) | ***JURY TRIAL IS REQUESTED*** |
| ELIZABETH B. DENDY; | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | CASE NO.: _____ |
| | ) | |
| GARY S. MITCHELL, and | ) | |
| RICHARD TRUCKING LLC, | ) | |
| | ) | |

[FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, the driver of the motor vehicle which collided with plaintiff's vehicle, and/or interfered with plaintiff's path of travel, causing plaintiff to lose control as described herein, whose negligence or wantonness caused plaintiff's injuries on the occasion made the basis of this suit; No. 2, whether singular or plural, the owner of the motor vehicle which collided with plaintiff's vehicle on the occasion made the basis of this suit; No. 3, whether singular or plural, the person, firm or corporation who was responsible for the rental, sale, or lease of the motor vehicle which collided with plaintiff's vehicle on the occasion made the basis of this suit; No. 4, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; No. 5, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 6, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; No. 7, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; No. 8, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 9, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with plaintiff's vehicle was performing some type of service or employment duty at the time of this collision; No. 10, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; No. 12, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 13, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 14, whether singular or plural, that entity or those entities who or which had

supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; No. 15, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff on the occasion made the basis of this lawsuit (including, but not limited to, uninsured motorist coverage); No. 16, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; No. 17, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 18, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above. Plaintiffs aver that the identities of the fictitious party defendants are otherwise unknown to Plaintiffs at this time, or if their names are known to Plaintiffs at this time, their identities as proper parties defendants are not known to Plaintiffs at this time, but their true names will be substituted by amendment when ascertained],

**Defendants**.

## COMPLAINT

### PARTIES

1.      Plaintiff, Crysta C. Ledbetter, is an individual over the age of nineteen (19) and a resident of Etowah County, Alabama.

2.      Plaintiff, Elizabeth B. Dendy, is an individual over the age of nineteen (19) and a resident of Etowah County, Alabama

3.      Defendant, Gary S. Mitchell (hereinafter "Mr. Mitchell"), is an individual over the age of nineteen (19) and upon information and belief, is a resident of Picayune, Mississippi.

4.      Richard Trucking LLC is a Foreign Corporation doing business within the State of Alabama. Defendant Gary S. Mitchell, at all times relevant hereto, was employed by RICHARD TRUCKING LLC as a driver.

5.      RICHARD TRUCKING LLC at all times relevant hereto, has their principal place of business located at 186 Langnecker Road, Poplarville, MS 39470.

### FACTUAL BACKGROUND

6.      On or about the 3rd day of September, 2016, Plaintiff, Crysta Ledbetter was operating a motor vehicle south on I-59 in Etowah County, Alabama. Elizabeth B. Dendy was a passenger in the vehicle.

7.      At the same time, Defendant Gary S. Mitchell was also driving south on I-59 in Etowah County, Alabama.

8.      The vehicle being driven by Defendant Gary S. Mitchell, 2006 Peterbilt Tractor Trailer, VIN: 1XP5DB9X56N886414 was owned by Richard Trucking LLC.  Mr. Mitchell had permission to drive the subject vehicle on that day as he was employed by RICHARD TRUCKING LLC.

9.      Defendant Gary S. Mitchell failed to keep a proper lookout and made an improper lane change, which caused a collision with the Plaintiffs.

10.     At all times relevant hereto, Mr. Mitchell was employed by RICHARD TRUCKING LLC as a driver.  He was provided the subject Truck to transport product, run errands and do other business for RICHARD TRUCKING LLC

11.     As a proximate consequence of Defendant and/or fictitious defendants' negligence and wantonness, Plaintiff, Crysta C. Ledbetter, suffered significant and permanent physical injuries and disabilities as follows:

(a)     She suffered injuries to various portions of her body, including but not limited to: neck, back, head, legs, and arms;

(b)     She suffered aggravations of pre-existing conditions;

(c)     She has experienced and continues to experience pain and suffering;

(d)     She is reasonably certain to experience pain and suffering in the future;

(e)     She has experienced and continues to experience mental anguish;

(f)     She is reasonably certain to experience mental anguish in the future;

(g)     She was knocked, shocked, bruised and contused over various portions of her body;

(h)     She was permanently injured, disfigured and damaged;

(i)     She was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

(j)     She was caused to incur out-of-pocket medical expenses;

(k)     She is reasonably certain to incur personal injury medical expenses in the future.

12.     As a proximate consequence of Defendant and/or fictitious defendants' negligence and wantonness, Plaintiff, Elizabeth B. Dendy, suffered significant and permanent physical injuries and disabilities as follows:

(a)     She suffered injuries to various portions of her body, including but not limited to: neck, back, head, legs, and arms;

(b)     She suffered aggravations of pre-existing conditions;

(c)     She has experienced and continues to experience pain and suffering;

(d)     She is reasonably certain to experience pain and suffering in the future;

(e)     She has experienced and continues to experience mental anguish;

(f)     She is reasonably certain to experience mental anguish in the future;

(g)     She was knocked, shocked, bruised and contused over various portions of her body;

(h)     She was permanently injured, disfigured and damaged;

(i)     She was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

(j)     She was caused to incur out-of-pocket medical expenses;

(k)     She is reasonably certain to incur personal injury medical expenses in the future

## COUNT ONE – NEGLIGENCE OF HANCOCK

13.     Plaintiffs re-allege all preceding paragraphs of the Complaint as if fully set forth herein.

14.     On or about the 3rd day of September, 2016, Plaintiff, Crysta Ledbetter was operating a motor vehicle south on I-59 in Etowah County, Alabama. Elizabeth B. Dendy was a passenger in the vehicle.

15.     At the aforesaid time and place, Defendant Mr. Mitchell, and/or fictitious defendants, negligently caused or allowed the motor vehicle that Defendant Mr. Mitchell was then and there operating to cause a collision with the Plaintiffs, as aforesaid.

16.     As a proximate consequence of the negligence of Mr. Mitchell, and/or fictitious defendants, Plaintiffs were injured, harmed and damaged as set forth in paragraphs eleven and twelve (11 & 12), above.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendant Gary S. Mitchell and/or fictitious defendants, for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT TWO – WANTONNESS OF MITCHELL

17.     Plaintiffs re-allege all preceding paragraphs of this Complaint as if fully set forth herein.

18.     On or about the 3rd day of September, 2016, Plaintiff, Crysta Ledbetter was operating a motor vehicle south on I-59 in Etowah County, Alabama. Elizabeth B. Dendy was a passenger in the vehicle.

19.     At the aforesaid time and place, Defendant Mr. Mitchell, and/or fictitious

defendants, negligently caused or allowed the motor vehicle that Defendant Mr. Mitchell was then and there operating to cause a collision with the Plaintiffs, as aforesaid.

20.     As a proximate consequence of the wantonness of Defendant, and/or fictitious defendants, Plaintiffs were injured and damaged as set forth in paragraphs eleven and twelve (11 & 12), above.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendant Mr. Mitchell, and/or fictitious defendants, for compensatory and punitive damages the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT THREE – NEGLIGENT/WANTON ENTRUSTMENT BY DEFENDANT RICHARD TRUCKING LLC

21.     Plaintiffs re-allege all preceding paragraphs of this Complaint as if fully set forth herein.

22.     As of September 3, 2016, RICHARD TRUCKING LLC, was the owner of, and had the right of control over, the use of the motor vehicle driven by Mr. Mitchell.  RICHARD TRUCKING LLC negligently and/or wantonly entrusted said vehicle to Mr. Mitchell, who was not competent to operate a motor vehicle.  RICHARD TRUCKING LLC negligently and/or wantonly entrusted the subject vehicle to Mr. Mitchell which was the proximate cause of the Plaintiffs' injuries and damages as described above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants RICHARD TRUCKING LLC and Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiffs request that the jury selected to hear this case render a verdict for Plaintiffs and against each

Defendant, and that it award punitive damages to Plaintiffs in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

### COUNT FOUR – *RESPONDEAT SUPERIOR*

23.     Plaintiffs re-allege all preceding paragraphs of this Complaint as if fully set forth herein.

24.     At the time and place of the incident made the basis of this suit, Mr. Mitchell was operating a commercial vehicle in the line and scope of his employment for RICHARD TRUCKING LLC, was an agent and/or employee of RICHARD TRUCKING LLC, RICHARD TRUCKING LLC was the master or principal of Mr. Mitchell and RICHARD TRUCKING LLC is vicariously liable for his actions.  Said negligent and/or wanton conduct was a proximate cause of the Plaintiffs' injuries and damages described above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants RICHARD TRUCKING LLC and Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiffs request that the jury selected to hear this case render a verdict for Plaintiffs and against each Defendant, and that it award punitive damages to Plaintiffs in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

### COUNT FIVE – NEGLIGENT/WANTON HIRING, TRAINING, SUPERVISION AND/OR RETENTION

25.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

26.    At the aforesaid time and place, and for some time prior thereto, RICHARD TRUCKING LLC had the supervisory authority and was charged with the hiring, training, supervising, and retention of its agents, employees, and/or motor vehicle drivers, like and including Mr. Mitchell.  RICHARD TRUCKING LLC negligently and/or wantonly exercised or failed to hire, train, supervise, and retain its motor vehicle drivers, like and including Mr. Mitchell.  Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant RICHARD TRUCKING LLC and/or fictitious party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiffs request that the jury selected to hear this case render a verdict for Plaintiffs and against each Defendant, and that it award punitive damages to Plaintiffs in an amount which will adequately reflect the enormity of the Defendants' wrongful act and which will effectively prevent other similar wrongful acts.

## COUNT SIX – NEGLIGENT/WANTON
## MAINTENANCE, OPERATION, SERVICE AND/OR REPAIR

27.    Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

28.    At the aforesaid time and place, and for some time prior thereto, RICHARD TRUCKING LLC and/or fictitious party Defendants was/were the owner(s), lessor(s), and/or lessee(s) of the subject Truck driven by Mr. Mitchell and as such, had the authority to supervise the maintenance, operation, service and repair of the subject vehicle.  RICHARD TRUCKING LLC and/or fictitious party Defendants negligently or wantonly exercised or failed to exercise said supervisory control over the maintenance, operation, service and/or repair of the subject vehicle.

Said negligent and/or wanton conduct was a proximate cause of the Plaintiffs' injuries and damages described above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendant RICHARD TRUCKING LLC and/or fictitious party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiffs request that the jury selected to hear this case render a verdict for Plaintiffs and against each Defendant, and that it award punitive damages to Plaintiffs in an amount which will adequately reflect the enormity of the Defendants' wrongful act and which will effectively prevent other similar wrongful acts.

<strong>PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.</strong>

Respectfully Submitted,

/s/ C. Todd Buchanan
C. Todd Buchanan (BUC034)
Brandon T. Bishop (BIS014)
Attorneys for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
2900 1st Avenue South
Birmingham, Alabama 35233
Phone:       (205) 983-8166
Paralegal:   (205) 983-8266
Facsimile:   (205) 983-8466
Email:       tbuchanan@asilpc.com

# IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

| | | |
|---|---|---|
| **CRYSTA C. LEDBETTER,** | ) | ***JURY TRIAL IS REQUESTED*** |
| **ELIZABETH B. DENDY;** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:** _____ |
| | ) | |
| **GARY S. MITCHELL, and** | ) | |
| **RICHARD TRUCKING LLC,** | ) | |
| | ) | |

## PLAINTIFF'S JURY DEMAND

COMES NOW the Plaintiffs, by and through their undersigned counsel and hereby request a trial by struck jury.

Respectfully Submitted,

/s/ C. Todd Buchanan
C. Todd Buchanan (BUC034)
Attorney for Plaintiff

OF COUNSEL:

SHUNNARAH INJURY LAWYERS, P.C.
2900 1st Avenue South
Birmingham, Alabama 35233
Phone:          (205) 983-8166
Assistant:      (205) 983-8266
Facsimile:     (205) 983-8466
Email:          tbuchanan@asilpc.com

Plaintiffs Address:
c/o C. Todd Buchanan
Shunnarah Injury Lawyers, P.C.
2900 1st Avenue South
Birmingham, Alabama 35233

## REQUEST FOR SERVICE BY CERTIFIED MAIL BY CLERK

Pursuant to ARCP 4.1 and 4.2, Plaintiff requests that the ***Clerk*** direct service of the foregoing "Summons and Complaint" by certified mail, addressed as follows:

Gary S. Mitchell
44 Buster Stockstill Road
Picayune, MS 39466

Richard Trucking LLC
186 Langnecker Road
Poplarville, MS 39470

/s/ C. Todd Buchanan
OF COUNSEL