FILED

2017 Sep-29  PM 03:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT D

# PART 2

DOCUMENT 13



ELECTRONICALLY FILED
8/23/2017 4:28 PM
31-CV-2017-900533.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

## IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **CRYSTA C. LEDBETTER, and** | ) | |
| **ELIZABETH B. DENDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. CV-17-900533** |
| | ) | |
| **GARY S. MITCHELL, and** | ) | |
| **RICHARD TRUCKING, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

### ANSWER

**COMES NOW RICHARD TRUCKING, LLC,** one of the Defendants named in this case and for answer to the complaint of the plaintiff says as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

As to each and every material allegation alleging wrongdoing on behalf of these defendant, the defendant denies each allegation.

### THIRD DEFENSE

The Defendant denies that it was guilty of negligence as is alleged in Count I of the Complaint and denies further that any such alleged negligence on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

-1-

DOCUMENT 13

### FOURTH DEFENSE

The Defendant denies that it was guilty of Wantonness as is alleged in Count II of the Complaint and denies further that any such alleged recklessness and/or wantonness on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

### FIFTH DEFENSE

Defendant denies that it is guilty of negligent/wanton entrustment as alleged in Count III of the plaintiff's complaint and further denies that any alleged negligence proximately caused or contributed to cause the damages alleged by the plaintiff in the complaint.

### SIXTH DEFENSE

The Defendant denies that it or any of its agents, servants, or employees was/were guilty of any negligence, wantonness, or other improper conduct which proximately caused or proximately contributed to cause the accident involved in this lawsuit and the Plaintiff's alleged injuries and damages

### SEVENTH DEFENSE

The Defendant denies that it was guilty of Negligent/Wanton Hiring, Supervision, Training and/or Retention as is alleged in Count V of the Complaint and denies further that any such alleged Negligent Hiring, Supervision, Training and Retention on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint

### EIGHTH DEFENSE

The Defendant denies that it was guilty of Negligent/Wanton Maintenance, Operation, Service, and/or Repair as is alleged in Count VI of the Complaint and denies further that any such alleged Negligent/Wanton Maintenance, Operation, Service, and/or Repair on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint

## NINTH DEFENSE

The defendant avers that there is a lack of causal relationship between the allegations of the Plaintiff's Complaint and the plaintiff's alleged injuries and damages.

## TENTH DEFENSE

The defendant avers that the plaintiff's claim for punitive damages in this case violates both the Alabama and United States Constitutions, and the amendments thereto, including, but not limited to, the right to avoid self-incrimination; the due process clause; the excessive fines clause; the equal protection clause; the commerce clause; and the freedom of speech clause.

## ELEVENTH DEFENSE

The defendant avers that the incident complained of was proximately caused by an independent, intervening or superseding cause, and not by the acts of the defendant.

## TWELFTH DEFENSE

Defendant contests damages.

## THIRTEENTH DEFENSE

The defendant avers that this case is barred by the statute of limitations and specifically requests that this Court rule that § 6-5-505, *Ala.Code*, 1975 is constitutional.

## FOURTHEENTH DEFENSE

DOCUMENT 13

The defendant avers that the plaintiff's claim for punitive damages in this case violates both the Alabama and United States Constitutions, and the amendments thereto, in that under current Alabama law there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damage award; there are insufficient standards pertaining to the award of punitive damages; punitive damage awards are not subject to sufficient post-trial judicial review on the basis of objective standard and criteria; there is a lack of reasonable and logical standards, criteria and guidance in the assessment of punitive damages; there is a lack of a rational relationship between the culpability of the defendants and the amount of punitive damages; and there is a lack of a rational relationship between the award of compensatory damages versus punitive damages.

## FIFTEENTH DEFENSE

The defendant asserts that the plaintiff was guilty of negligence which proximately caused or contributed to cause his own injuries and damages.

## SIXTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America.

## SEVENTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the State of Alabama.

## EIGHTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

## NINETEENTH DEFENSE

The defendant avers § 6-5-410 of the *Code of Alabama, 1975*, as amended, violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    It may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing without regard to the nature of the alleged wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)    It fails to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     It fails to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     It results in the imposition of different penalties for the same or similar acts and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     It permits the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)     It permits the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution; and

(h)     It allows arbitrary and capricious imposition of damages by the jury.

## TWENTIETH DEFENSE

The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-FIRST DEFENSE

The defendant avers that the imposition of an award of punitive damages against the defendant based upon the principle of joint and several liability amounts to an excessive fine imposed against the defendant in violation of the rights secured to the defendant by the

Eighth Amendment and the Fourteenth Amendment of the Constitution of the United States of America.

## TWENTY-SECOND DEFENSE

The failure of the law of the State of Alabama to make provision for the imposition of but one assessment of damages against joint tort-feasors, despite differing degrees of culpability and wrongdoing, unreasonably acts to establish a classification against the defendant for acts of negligence, wantonness, misrepresentation, fraud, or other wrongdoing that the defendant did not commit, in contradiction of the rights afforded him by the Fourteenth Amendment to the Constitution of the United States, and by the provisions of the Constitution of the State of Alabama, which require that the state afford all persons equal protection of the law.

## TWENTY-THIRD DEFENSE

The defendant avers that the law of the State of Alabama, by imposing joint and several liability on the defendant for the acts of others operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages, without regard for the quality and quantity of culpability of the other defendant joined in this action and thereby deprives the defendant of his property without due process of law in contravention of Amendments Five and Fourteen to the Constitution of the United States of America and Article I, Section 6 of the Constitution of the State of Alabama.

## TWENTY-FOURTH DEFENSE

The Defendant avers that on the occasion complained of the Plaintiff assumed the risk of her injuries with knowledge of the dangers involved in the act that she was performing at the time of the said injuries.

DOCUMENT 13

### TWENTY-FIFTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment to the Constitution of the United States of America in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### TWENTY-SIXTH DEFENSE

That as a matter of law, the defendant is not liable to the plaintiff for punitive damages.

### TWENTY-SEVENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

### TWENTY-EIGHTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to the Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, the Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

### TWENTY-NINTH DEFENSE

The defendant avers that the Plaintiff's claim is barred by the applicable statute of limitations.

DOCUMENT 13

## THIRTIETH DEFENSE

The defendant pleads the Sudden Emergency Doctrine.

## THIRTY-FIRST DEFENSE

The defendant avers that the plaintiff's claim for punitive damages in this case violates both the Alabama and United States Constitutions, and the amendments thereto, including, but not limited to, the right to avoid self-incrimination; the due process clause; the excessive fines clause; the equal protection clause; the commerce clause; and the freedom of speech clause.

## THIRTY-SECOND DEFENSE

Defendant denies that it is guilty of negligent entrustment as alleged in the plaintiff's complaint and further denies that any alleged negligence proximately caused or contributed to cause the damages alleged by the plaintiff in the complaint.

## THIRTY-THIRD DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 15 of the Constitution of the State of Alabama 1901 in that the damages would be an excessive fine.

## THIRTY-FOURTH DEFENSE

The Defendant avers that any and all claims for punitive damages in this action are limited in amount by the application of Ala. Code (1975), §6-11-21.

## THIRTY-FIFTH DEFENSE

The Defendant asserts any statutory cap on damages enacted at present or subsequent to the filing of this Answer.

## THIRTY-SIXTH DEFENSE

The Defendant avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

## THIRTY-SEVENTH DEFENSE

The Defendant avers that it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against the Defendant which are penal in nature by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## THIRTY-EIGHTH DEFENSE

The Defendant avers that any and all claims for punitive damages in this action are limited in amount by the application of Alabama Code § 6-11-21 (1975), which provides that an award of punitive damages shall not exceed $250,000.00.

## THIRTY-NINTH DEFENSE

The Defendant avers that Pursuant to Code of Alabama § 6-11-21(a) punitive damages may not exceed three (3) times the compensatory damages or $500,000.00, whichever is greater.

## FORTIETH DEFENSE

The Defendant avers that other parties or entities are responsible for Plaintiff's injuries and/or damages.

### FORTY-FIRST DEFENSE

The Defendant pleads contributory negligence on the part of the Plaintiff.

### FORTY-SECOND DEFENSE

The defendant avers that the plaintiff's claim for punitive damages in this case violates both the Alabama and United States Constitutions, and the amendments thereto, including, but not limited to, the right to avoid self-incrimination; the due process clause; the excessive fines clause; the equal protection clause; the commerce clause; and the freedom of speech clause.

### FORTY-THIRD DEFENSE

The defendant avers that the plaintiff's claim for punitive damages in this case violates both the Alabama and United States Constitutions, and the amendments thereto, in that under current Alabama law there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damage award; there are insufficient standards pertaining to the award of punitive damages; punitive damage awards are not subject to sufficient post-trial judicial review on the basis of objective standards and criteria; there is a lack of reasonable and logical standards, criteria and guidance in the assessment of punitive damages; there is a lack of a rational relationship between the culpability of the defendants and the amount of punitive damages; and there is a lack of a rational relationship between the award of compensatory damages versus punitive damages.

### FORTY-FOURTH DEFENSE

The Defendant reserves the right to amend this Answer.

_s/ Paul J. DeMarco_
Paul J. DeMarco
Attorneys for Defendants
Richard Trucking, LLC and Gary S. Mitchell

OF COUNSEL:

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
P. O. Box 661228 (35266-1228)
Birmingham, AL 35216
(205) 326-6600
pdemarco@pljpc.com


**THE DEFENDANTS DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES IN
THIS CAUSE.**


s/ Paul J. DeMarco
PAUL J. DEMARCO

DOCUMENT 13

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day 23rd of August, 2017, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. C. Todd Buchanan
Mr. Brandon T. Bishop
Shunnarah Injury Lawyers, P.C.
2900 1st Avenue South
Birmingham, AL 35233

/s Paul J. DeMarco
OF COUNSEL

-13-

DOCUMENT 15


ELECTRONICALLY FILED
8/23/2017 4:30 PM
31-CV-2017-900533.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

## IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

CRYSTA C. LEDBETTER, and )
ELIZABETH B. DENDY, )
          )
  **Plaintiff,** )
          )
vs. )  **CIVIL ACTION NO. CV-17-900533**
          )
GARY S. MITCHELL, and )
RICHARD TRUCKING, LLC, )
          )
  **Defendants.** )
          )
          )

### ANSWER

**COMES NOW GARY S. MITCHELL**, one of the Defendants named in this case and for answer to the complaint of the plaintiff says as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

As to each and every material allegation alleging wrongdoing on behalf of these defendant, the defendant denies each allegation.

### THIRD DEFENSE

The Defendant denies that it was guilty of negligence as is alleged in Count I of the Complaint and denies further that any such alleged negligence on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

-1-

DOCUMENT 15

## FOURTH DEFENSE

The Defendant denies that it was guilty of Wantonness as is alleged in Count II of the Complaint and denies further that any such alleged recklessness and/or wantonness on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

## FIFTH DEFENSE

Defendant denies that it is guilty of negligent/wanton entrustment as alleged in Count III of the plaintiff's complaint and further denies that any alleged negligence proximately caused or contributed to cause the damages alleged by the plaintiff in the complaint.

## SIXTH DEFENSE

The Defendant denies that it or any of its agents, servants, or employees was/were guilty of any negligence, wantonness, or other improper conduct which proximately caused or proximately contributed to cause the accident involved in this lawsuit and the Plaintiff's alleged injuries and damages

## SEVENTH DEFENSE

The Defendant denies that it was guilty of Negligent/Wanton Hiring, Supervision, Training and/or Retention as is alleged in Count V of the Complaint and denies further that any such alleged Negligent Hiring, Supervision, Training and Retention on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint

## EIGHTH DEFENSE

The Defendant denies that it was guilty of Negligent/Wanton Maintenance, Operation, Service, and/or Repair as is alleged in Count VI of the Complaint and denies further that any such alleged Negligent/Wanton Maintenance, Operation, Service, and/or Repair on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint

## NINTH DEFENSE

The defendant avers that there is a lack of causal relationship between the allegations of the Plaintiff's Complaint and the plaintiff's alleged injuries and damages.

## TENTH DEFENSE

The defendant avers that the plaintiff's claim for punitive damages in this case violates both the Alabama and United States Constitutions, and the amendments thereto, including, but not limited to, the right to avoid self-incrimination; the due process clause; the excessive fines clause; the equal protection clause; the commerce clause; and the freedom of speech clause.

## ELEVENTH DEFENSE

The defendant avers that the incident complained of was proximately caused by an independent, intervening or superseding cause, and not by the acts of the defendant.

## TWELFTH DEFENSE

Defendant contests damages.

## THIRTEENTH DEFENSE

The defendant avers that this case is barred by the statute of limitations and specifically requests that this Court rule that § 6-5-505, *Ala.Code*, 1975 is constitutional.

## FOURTHEENTH DEFENSE

The defendant avers that the plaintiff's claim for punitive damages in this case violates both the Alabama and United States Constitutions, and the amendments thereto, in that under current Alabama law there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damage award; there are insufficient standards pertaining to the award of punitive damages; punitive damage awards are not subject to sufficient post-trial judicial review on the basis of objective standard and criteria; there is a lack of reasonable and logical standards, criteria and guidance in the assessment of punitive damages; there is a lack of a rational relationship between the culpability of the defendants and the amount of punitive damages; and there is a lack of a rational relationship between the award of compensatory damages versus punitive damages.

## FIFTEENTH DEFENSE

The defendant asserts that the plaintiff was guilty of negligence which proximately caused or contributed to cause his own injuries and damages.

## SIXTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America.

## SEVENTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the State of Alabama.

## EIGHTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

## NINETEENTH DEFENSE

The defendant avers § 6-5-410 of the *Code of Alabama, 1975*, as amended, violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     It may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing without regard to the nature of the alleged wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)     It fails to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     It fails to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     It results in the imposition of different penalties for the same or similar acts and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     It permits the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)     It permits the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution; and

(h)     It allows arbitrary and capricious imposition of damages by the jury.

### TWENTIETH DEFENSE

The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY-FIRST DEFENSE

The defendant avers that the imposition of an award of punitive damages against the defendant based upon the principle of joint and several liability amounts to an excessive fine imposed against the defendant in violation of the rights secured to the defendant by the

Eighth Amendment and the Fourteenth Amendment of the Constitution of the United States of America.

### TWENTY-SECOND DEFENSE

The failure of the law of the State of Alabama to make provision for the imposition of but one assessment of damages against joint tort-feasors, despite differing degrees of culpability and wrongdoing, unreasonably acts to establish a classification against the defendant for acts of negligence, wantonness, misrepresentation, fraud, or other wrongdoing that the defendant did not commit, in contradiction of the rights afforded him by the Fourteenth Amendment to the Constitution of the United States, and by the provisions of the Constitution of the State of Alabama, which require that the state afford all persons equal protection of the law.

### TWENTY-THIRD DEFENSE

The defendant avers that the law of the State of Alabama, by imposing joint and several liability on the defendant for the acts of others operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages, without regard for the quality and quantity of culpability of the other defendant joined in this action and thereby deprives the defendant of his property without due process of law in contravention of Amendments Five and Fourteen to the Constitution of the United States of America and Article I, Section 6 of the Constitution of the State of Alabama.

### TWENTY-FOURTH DEFENSE

The Defendant avers that on the occasion complained of the Plaintiff assumed the risk of her injuries with knowledge of the dangers involved in the act that she was performing at the time of the said injuries.

DOCUMENT 15

### TWENTY-FIFTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment to the Constitution of the United States of America in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### TWENTY-SIXTH DEFENSE

That as a matter of law, the defendant is not liable to the plaintiff for punitive damages.

### TWENTY-SEVENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

### TWENTY-EIGHTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to the Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, the Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

### TWENTY-NINTH DEFENSE

The defendant avers that the Plaintiff's claim is barred by the applicable statute of limitations.

### THIRTIETH DEFENSE

The defendant pleads the Sudden Emergency Doctrine.

### THIRTY-FIRST DEFENSE

The defendant avers that the plaintiff's claim for punitive damages in this case violates both the Alabama and United States Constitutions, and the amendments thereto, including, but not limited to, the right to avoid self-incrimination; the due process clause; the excessive fines clause; the equal protection clause; the commerce clause; and the freedom of speech clause.

### THIRTY-SECOND DEFENSE

Defendant denies that it is guilty of negligent entrustment as alleged in the plaintiff's complaint and further denies that any alleged negligence proximately caused or contributed to cause the damages alleged by the plaintiff in the complaint.

### THIRTY-THIRD DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 15 of the Constitution of the State of Alabama 1901 in that the damages would be an excessive fine.

### THIRTY-FOURTH DEFENSE

The Defendant avers that any and all claims for punitive damages in this action are limited in amount by the application of Ala. Code (1975), §6-11-21.

### THIRTY-FIFTH DEFENSE

The Defendant asserts any statutory cap on damages enacted at present or subsequent to the filing of this Answer.

## THIRTY-SIXTH DEFENSE

The Defendant avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

## THIRTY-SEVENTH DEFENSE

The Defendant avers that it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against the Defendant which are penal in nature by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## THIRTY-EIGHTH DEFENSE

The Defendant avers that any and all claims for punitive damages in this action are limited in amount by the application of Alabama Code § 6-11-21 (1975), which provides that an award of punitive damages shall not exceed $250,000.00.

## THIRTY-NINTH DEFENSE

The Defendant avers that Pursuant to Code of Alabama § 6-11-21(a) punitive damages may not exceed three (3) times the compensatory damages or $500,000.00, whichever is greater.

## FORTIETH DEFENSE

The Defendant avers that other parties or entities are responsible for Plaintiff's injuries and/or damages.

DOCUMENT 15

### FORTY-FIRST DEFENSE

The Defendant pleads contributory negligence on the part of the Plaintiff.

### FORTY-SECOND DEFENSE

The defendant avers that the plaintiff's claim for punitive damages in this case violates both the Alabama and United States Constitutions, and the amendments thereto, including, but not limited to, the right to avoid self-incrimination; the due process clause; the excessive fines clause; the equal protection clause; the commerce clause; and the freedom of speech clause.

### FORTY-THIRD DEFENSE

The defendant avers that the plaintiff's claim for punitive damages in this case violates both the Alabama and United States Constitutions, and the amendments thereto, in that under current Alabama law there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damage award; there are insufficient standards pertaining to the award of punitive damages; punitive damage awards are not subject to sufficient post-trial judicial review on the basis of objective standards and criteria; there is a lack of reasonable and logical standards, criteria and guidance in the assessment of punitive damages; there is a lack of a rational relationship between the culpability of the defendants and the amount of punitive damages; and there is a lack of a rational relationship between the award of compensatory damages versus punitive damages.

### FORTY-FOURTH DEFENSE

The Defendant reserves the right to amend this Answer.

_s/ Paul J. DeMarco_
Paul J. DeMarco
Attorneys for Defendants
Richard Trucking, LLC and Gary S. Mitchell

OF COUNSEL:

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
P. O. Box 661228 (35266-1228)
Birmingham, AL 35216
(205) 326-6600
pdemarco@pljpc.com

**THE DEFENDANTS DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES
IN THIS CAUSE.**

s/ Paul J. DeMarco
PAUL J. DEMARCO

CERTIFICATE OF SERVICE

I hereby certify that I have on this day 23rd of August, 2017, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. C. Todd Buchanan
Mr. Brandon T. Bishop
Shunnarah Injury Lawyers, P.C.
2900 1st Avenue South
Birmingham, AL 35233

/s Paul J. DeMarco
OF COUNSEL

-13-

| STATE OF ALABAMA | Revised 3/5/08 | Cas | ELECTRONICALLY FILED |
|---|---|---|---|

**STATE OF ALABAMA**  Revised 3/5/08
Unified Judicial System
31-ETOWAH     ☐ District Court  ☑ Circuit Court

Cas...
CV2...

ELECTRONICALLY FILED
8/23/2017 4:32 PM
31-CV-2017-900533.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

| CRYSTA C. LEDBETTER ET AL V. GARY S. MITCHELL ET AL | **CIVIL MOTION COVER SHEET** |
|---|---|
| | *Name of Filing Party:* D001 - MITCHELL GARY S.  D002 - RICHARD TRUCKING LLC |

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*
PAUL J. DEMARCO
POST OFFICE BOX 661228
BIRMINGHAM, AL 35266
*Attorney Bar No.:* DEM010

☐ Oral Arguments Requested

## TYPE OF MOTION

**Motions Requiring Fee**

☐ Default Judgment ($50.00)

☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00)

☐ Judgment on the Pleadings ($50.00)

☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00)

☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00)

☐ Summary Judgment pursuant to Rule 56($50.00)

☐ Motion to Intervene ($297.00)

☐ Other _____
pursuant to Rule _____ ($50.00)

*Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Costs $   0

**Motions Not Requiring Fee**

☐ Add Party
☐ Amend
☐ Change of Venue/Transfer
☐ Compel
☐ Consolidation
☐ Continue
☐ Deposition
☐ Designate a Mediator
☐ Judgment as a Matter of Law (during Trial)
☐ Disburse Funds
☐ Extension of Time
☐ In Limine
☐ Joinder
☐ More Definite Statement
☐ Motion to Dismiss pursuant to Rule 12(b)
☐ New Trial
☐ Objection of Exemptions Claimed
☐ Pendente Lite
☐ Plaintiff's Motion to Dismiss
☐ Preliminary Injunction
☐ Protective Order
☐ Quash
☐ Release from Stay of Execution
☐ Sanctions
☐ Sever
☐ Special Practice in Alabama
☐ Stay
☐ Strike
☐ Supplement to Pending Motion
☐ Vacate or Modify
☐ Withdraw
☑ Other    Motion for HIPAA Order
pursuant to Rule  None           (Subject to Filing Fee)

Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)  ☐

Date:
8/23/2017 4:31:07 PM

Signature of Attorney or Party
/s/ PAUL J. DEMARCO

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

DOCUMENT 18



ELECTRONICALLY FILED
8/23/2017 4:32 PM
31-CV-2017-900533.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

## IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

| | |
|---|---|
| CRYSTA C. LEDBETTER, and<br>ELIZABETH B. DENDY,<br><br>    **Plaintiff,**<br><br>vs.<br><br>GARY S. MITCHELL, and<br>RICHARD TRUCKING, LLC,<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)   **CIVIL ACTION NO. CV-17-900533**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR HIPAA ORDER

**COMES NOW RICHARD TRUCKING, LLC AND GARY S. MITCHELL**, the

Defendants and moves this Honorable Court to enter the standard "HIPAA Order in Civil

Action" which is attached hereto as Exhibit "A" as ground for this Motion, defendant shows

unto the Court as follows:

1.  This standard HIPAA protective order allows for full discovery of

    medical information in compliance with HIPAA without altering any

    preexisting law of Alabama.

2.  This order has been distributed and entered by judges in counties

    throughout the State.

**WHEREFORE**, the above-premises considered, the defendants respectfully request

the Court to enter the attached HIPAA protective order.

/s/ Paul J. DeMarco
Attorney for Defendants
Richard Trucking, LLC and Gary S. Mitchell

**OF COUNSEL:**

Parsons, Lee & Juliano, PC
600 Vestavia Parkway
300 Shelby Building
P. O. Box 661228 (35266)
Birmingham, AL 35216
pdemarco@pljpc.com

CERTIFICATE OF SERVICE

I hereby certify that I have on this 23rd day of August, 2017, electronically filed the foregoing with the Clerk of the Court using the AlaFile E-system which will send notification of such filing to the following:

Mr. C. Todd Buchanan
Mr. Brandon T. Bishop
Shunnarah Injury Lawyers, P.C.
2900 1st Avenue South
Birmingham, AL 35233

/s/ Paul J. DeMarco
OF COUNSEL

DOCUMENT 18

# IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

CRYSTA C. LEDBETTER, and )
ELIZABETH B. DENDY, )
                              )
      Plaintiff, )
                              )
vs. )    CIVIL ACTION NO. CV-17-900533
                              )
GARY S. MITCHELL, and RICHARD )
TRUCKING, LLC, )
                              )
      Defendants. )
                              )
                              )

## HIPAA ORDER IN CIVIL ACTION

Upon compliance with Alabama law, the attorneys for the parties and/or pro se parties to this lawsuit are permitted to obtain all health information, including charges therefor, relating to any Individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Alabama law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996.

**This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1966.**

**Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.**

Nothing in this Order shall be construed to authorize any party or any attorney to any party to release, exchange, submit or share any Protected Health Information with any

other person or any other entity, other than an agent or employee of the attorney for any party. This Order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation or proceeding.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information, which is included in insurance claim files and law firm litigation files, may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

DONE and ORDERED this the _____ day of _____, 2017.

_____
Circuit Court Judge

cc:   All Parties

DOCUMENT 19

ELECTRONICALLY FILED
8/23/2017 4:32 PM
31-CV-2017-900533.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

## IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

LEDBETTER CRYSTA C.,                     )
DENDY ELIZABETH B.,                      )
             Plaintiffs,          )
                           )
          V.                           )     Case No.:  CV-2017-900533.00
                           )
MITCHELL GARY S.,                       )
RICHARD TRUCKING LLC,                   )
             Defendants.        )

## HIPAA Order

Upon compliance with Alabama law, the attorneys for the parties and/or pro se parties to this lawsuit are permitted to obtain all health information, including charges therefor, relating to any Individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Alabama law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996.

**0This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1966.**

**0Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.**

0Nothing in this Order shall be construed to authorize any party or any attorney to any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney for any party. This Order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation or proceeding.

0At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information, which is included in insurance claim files and law firm litigation files, may be retained to allow compliance to the extent and for the period that such retention is required by Alabama

DOCUMENT 19

insurance laws and the Alabama State Bar rules and regulations.

DONE this[To be filled by the Judge].

/s/[To be filled by the Judge]

CIRCUIT JUDGE

DOCUMENT 21



ELECTRONICALLY FILED
8/23/2017 4:43 PM
31-CV-2017-900533.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

## IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

| | | |
|---|---|---|
| **CRYSTA C. LEDBETTER AND** | ) | |
| **ELIZABETH B. DENDY,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL ACTION NO. CV-17-900533** |
| **v.** | ) | |
| | ) | |
| **GARY C. MITCHELL AND** | ) | |
| **RICHARD TRUCKING, LLC,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

### NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

Comes now Richard Trucking, LLC the defendant, by and through their attorney, Paul J. DeMarco, and gives notice of filing the following discovery documents in the above-styled cause and serving a copy of same upon all attorneys of record.

X     Defendants Richard Trucking, LLC and Gary S. Mitchell's Request for Admissions to Plaintiff Crysta C. Ledbetter,

X     Defendants Richard Trucking, LLC and Gary S. Mitchell's Request for Admissions to Plaintiff Elizabeth B. Dendy,

X     Defendant's Richard Trucking, LLC and Gary S. Mitchell's First Interrogatories to Plaintiff Crysta C. Ledbetter,

X     Defendant's Richard Trucking, LLC and Gary S. Mitchell's First Interrogatories to Plaintiff Elizabeth B. Dendy,

X     Defendant's Richard Trucking, LLC and Gary S. Mitchell's First Request for Production of Documents to Plaintiff Crysta C. Ledbetter,

X     Defendant's Richard Trucking, LLC and Gary S. Mitchell's First Request for Production of Documents to Plaintiff Elizabeth B. Dendy,

X     Defendant's Richard Trucking, LLC and Gary S. Mitchell's Notice to Take Deposition of Crysta Ledbetter,

X     Defendant's Richard Trucking, LLC and Gary S. Mitchell's Notice to Take Deposition of Elizabeth B. Dendy,

X     Defendant's Richard Trucking, LLC and Gary S. Mitchell's Notice to Take Deposition of Any Adult with Relevant Knowledge of the Facts of this case,

X     Defendant Richard Trucking, LLC's Responses to Plaintiff's First Request for Admissions,

X     Defendant Richard Trucking, LLC's Objections to Plaintiff's First Interrogatories,

X     Defendant Richard Trucking, LLC's Objections to Plaintiff's First Request for Production of Documents,

X     Defendant Gary C. Mitchell's Objections to Plaintiff's First Interrogatories,

[0914-00040/1159241/1]

X       Defendant Gary C. Mitchell's Objections to Plaintiff's First Request for
        Production of Documents.


                                    s/Paul J. DeMarco
                                    Attorney for Defendants
                                    Richard Trucking, LLC and Gary S. Mitchell

OF COUNSEL:

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway
300 Shelby Building
P. O. Box 661228 (35266)
Birmingham, AL 35216
pdemarco@pljpc.com


                        CERTIFICATE OF SERVICE

        I hereby certify that on this 23rd  day of August, 2017, I electronically filed the
foregoing pleading with the Clerk of the Court using the Alafile system which will send
notification of such filing to the following counsel of record in this case:

        Mr. C. Todd Buchanan
        Mr. Brandon T. Bishop
        Shunnarah Injury Lawyers, P.C.
        2900 1st Avenue South
        Birmingham, AL 35233

                                    s/Paul J. DeMarco
                                    OF COUNSEL

DOCUMENT 22



ELECTRONICALLY FILED
8/23/2017 4:43 PM
31-CV-2017-900533.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

## IN THE CIRCUIT COURT OF ETOWAH COUNTY

|  |  |  |
|---|---|---|
| CRYSTA C. LEDBETTER, ELIZABETH B. DENDY, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. CV-2017-900533** |
| | ) | |
| GARY S. MITCHELL, AND RICHARD TRUCKING, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

---

## DEFENDANTS REQUEST FOR ADMISSIONS TO PLAINTIFF CRYSTA C. LEDBETTER

---

**COMES NOW Richard Trucking, LLC and Gary S. Mitchell** and pursuant to Rule 36 of the *Alabama Rules of Civil Procedure*, requests that the Plaintiff admit or deny the following:

1. That you do not claim in excess of $75,000.00 as total damages in this case, exclusive of interest, attorney's fees or other fees and costs.

2. That you do not intend to claim over $75,000.00 as total damages in this case.

3. That you will not seek over $75,000.00 as total damages in this case.

4. That you waive any amount of damages ever entered in this case in excess of $75,000.00.

5. That you will not accept any award of damages over $75,000.00 in this case.

6. That you agree that the above-stated limitations on your claim for damages will be binding on you, your heirs, representatives, and assigns with regard to all claims made or ever made in this lawsuit against Richard Trucking, LLC and Gary S. Mitchell or any of its employees.

DOCUMENT 22

S/Paul J. DeMarco
_____
PAUL J. DEMARCO
Attorney for Defendants
Richard Trucking, LLC and Gary S. Mitchell

**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway
Suite 300 Shelby Building
Birmingham, AL  35216
(205) 326-6600
pdemarco@pljpc.com

DOCUMENT 22

---

## CERTIFICATE OF SERVICE

---

I hereby certify that I have served a copy of the foregoing via facsimile and United States mail, postage prepaid and properly addressed on counsel for all parties as follows:

Mr. C. Todd Buchanan
Mr. Brandon T. Bishop
Shunnarah Injury Lawyers, P.C.
2900 1st Avenue South
Birmingham, AL 35233

This the 23rd day of August, 2017

s/Paul J. DeMarco
OF COUNSEL